UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
CURTIS BESS,

               Plaintiff,

    -against-

R.N.D.C. C-74; DEPARTMENT OF
CORRECTIONS; CAPTAIN WILLIAMS; OFFICER
COHEN; OFFICER MYERS; OFFICER BATISTA;
and CAPTAIN SKEEPER,

               Defendants.
----------------------------------------------------------------x

NOT FOR PUBLICATION

MEMORANDUM AND ORDER

11-CV-6272 (WFK)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JAN 06 2012
BROOKLYN OFFICE

KUNTZ, United States District Judge:

On December 20, 2011, *pro se* plaintiff Curtis Bess, who is incarcerated at Rikers Island, filed the above-captioned civil rights complaint. Plaintiff's application to proceed *in forma pauperis* is granted for the purpose of this Order. For the reasons the follow, the Complaint is dismissed, and plaintiff is directed to submit an amended complaint within thirty (30) days of the date of this Order.

## BACKGROUND

The Complaint alleges that plaintiff and other detainees at Rikers Island were housed in R.N.D.C., in "a unit that was not even livable." (Complaint at 3.) Plaintiff alleges that the unit to which he was transferred on October 10, 2011 had previously been "closed down due to infestation." (Id.) He alleges that the unit did not contain televisions or telephones, and that inmates did not have access to recreation or a law library. (Id.) Plaintiff alleges that he was then moved to the other side of the unit, "where the situation gets worst, this sprung is filthy to the core, there is no camera's that work, dust & corrosion all over, mildew & mice all over" [*sic*].



(Id.) Here, he alleges, "they do not give us rec. all the time," and his unit must walk to another unit for food. (Id.) Plaintiff further alleges that "my breathing is affected by the fumes in this sprung." (Id.)

Although plaintiff names two captains and three other correctional officers as defendants, he does not include any factual allegations against any specific individuals. He does allege that he "informed all of the above officers and captains of this situation," but he does not indicate what response he received. (Id. at 5.) Plaintiff seeks $50,000 in compensation for the risks to his health and $50,000 in compensation "for the way they search & destroy our commissary & personal clothing." (Id.)

## DISCUSSION

Title 28 of the United States Code, § 1915A requires this Court to review the complaint in a civil action in which a prisoner seeks redress from a governmental entity or from officers or employees thereof, and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b); see Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).

The Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted); see also Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). However, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556

2

U.S. 662, 129 S.Ct. 1937, 1953 (2009)(quotation and citation omitted).

Plaintiff filed his suit under the Civil Rights Act, 42 U.S.C. § 1983 ("§ 1983"), which permits suits against persons acting under color of state law who cause the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Prisoners and detainees have constitutionally protected rights to receive adequate food, clothing, shelter, medical care, and security. Farmer v. Brennan, 511 U.S. 825, 832 (1994). Humane conditions of confinement are guaranteed by the Eighth Amendment's prohibition against cruel and unusual punishment of convicted prisoners. "[A] person detained prior to conviction receives protection against mistreatment at the hands of prison officials under the Due Process Clause of the Fifth Amendment if the pretrial detainee is held in federal custody, or the Due Process Clause of the Fourteenth Amendment if held in state custody." Caiozzo v. Koreman, 581 F.3d 63, 69 (2d Cir. 2009).

A claim for inhumane conditions of confinement may assert a constitutional deprivation where it alleges "unquestioned and serious deprivations of basic human needs" or denial of "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). "[T]he length of confinement cannot be ignored in deciding whether the confinement meets constitutional standards." Hutto v. Finney, 437 U.S. 678, 686-68 (1978) ("A filthy, overcrowded cell and a diet of 'grue' might be tolerable for a few days and intolerably cruel for weeks or months."). In this case, plaintiff's claims of temporary inconvenience and his vague allegations of unsanitary conditions fail to allege a serious deprivation of basic human needs that would suggest a violation of his constitutional rights.

In light of plaintiff's *pro se* status, the Court grants leave to amend the Complaint to specify facts supporting plaintiff's claims of inhumane conditions of confinement and to identify

3

the allegedly unconstitutional acts or omissions of specific defendants. See Cuoco, 222 F.3d at 112.

## **CONCLUSION**

Plaintiff's request to proceed *in forma pauperis* is granted. The complaint is dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1), but plaintiff is granted leave to file an amended complaint in accordance with this order, within 30 days of the date of this order. The amended complaint must be captioned, "Amended Complaint," and shall bear the same docket number as this order. No summons shall issue at this time, and all further proceedings shall be stayed for 30 days. If plaintiff fails to file an amended complaint within the time allowed, judgment shall enter. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED

WILLIAM F. KUNTZ
United States District Judge

Dated: Brooklyn, New York
January 5, 2012